# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**AMFIRE, LLC,**
**Employer Below, Petitioner**

**FILED**

May 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 18-0094** (BOR Appeal No. 2052129)
                    (Claim No. 2014020974)

**DANNY SPARKS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Amfire, LLC, by Timothy E. Huffman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Danny Sparks, by Reginald D. Henry, his attorney, filed a timely response.

The issue on appeal is the amount of permanent partial disability due to Mr. Sparks as a result of his compensable injury. The claims administrator granted a 5% permanent partial disability award on July 13, 2016. The Office of Judges affirmed the decision in its August 3, 2017, Order. The Order was reversed by the Board of Review on January 8, 2018, and Mr. Sparks was granted a 14% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Sparks, a fire boss, was injured in the course of his employment on January 7, 2014, when he cut his fingers while starting a generator. Treatment notes from Carilion Clinic Emergency Department that day indicate Mr. Sparks three centimeter cuts to the second and third fingers at work requiring eight and ten stitches, respectively. Mr. Sparks returned to Carilion Clinic Emergency Department on January 21, 2014, for stitch removal. At that time, he complained of right finger pain and decreased range of motion. He stated that he believed his

1

finger may be broken as it was burning and he could not bend it. X-rays showed no fractures but metallic foreign bodies were noted.

The employees' and physician's report of injury dated March 26, 2014, indicates Mr. Sparks injured his right hand while starting a generator. He was diagnosed with right hand laceration to the third and fourth digits. The claims administrator held the claim compensable for open wound of fingers without mention of complication on April 23, 2014. Mr. Sparks returned to Carilion Clinic Emergency Department on February 6, 2015, for right hand pain and numbness. He reported that he injured his hand a year prior at work when he sustained cuts to his fingers. The diagnosis was numbness and neuropathy of the right finger.

Joseph Grady, M.D., performed an independent medical evaluation on June 22, 2016, in which he assessed healed laceration of the right middle and ring fingers with residual neuropathy. Dr. Grady opined that the compensable injury resulted in some nerve injuries which would not completely resolve. He assessed 30% impairment for sensory loss of the radial digital nerve in the middle finger and 30% for sensory loss of the ring finger. This converted to 5% whole person impairment.

On October 26, 2016, Robert Walker, M.D., performed an independent medical evaluation in which he opined that Mr. Sparks suffered injuries to the tendons and nerves of the lacerated fingers and that those injuries affect the range of motion of the adjacent fingers. He assessed 10% index finger impairment, 18% middle finger impairment, and 5% ring finger impairment. These combined and reduced to 18% whole person impairment.

Michael Kominsky, D.C., performed a third independent medical evaluation on December 6, 2016, in which he noted that Mr. Sparks still had symptoms of persistent numbness and tingling in the right hand and fingers. He also noted loss of grip strength and trouble with daily activities. Dr. Kominsky assessed 4% right index impairment, 17% for the middle finger, and 6% for the ring finger. These combined and reduced to 14% whole person impairment.

On January 4, 2017, Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he assessed healed middle and ring finger lacerations. He found 10% total hand impairment which converted to 5% whole person impairment. He stated that his findings were close to those of Dr. Grady and he agreed with the recommendation of 5% impairment. Dr. Mukkamala opined that Dr. Walker found significant range of motion limitations that were not found during his evaluation, and he disagreed with Dr. Walker's finding of 10% impairment. In a January 5, 2017, supplemental report, Dr. Mukkamala stated that he disagreed with Dr. Kominsky's findings. He noted that Dr. Kominsky's evaluation was performed twenty-nine days before his own and that his range of motion measurements were not as limited as those of Dr. Kominsky.

The claims administrator granted a 5% permanent partial disability award on July 13, 2016. The Office of Judges affirmed the decision in its August 3, 2017, Order. It found that the range of motion measurements found by Dr. Walker were not observed either before or after his evaluation by Drs. Grady or Mukkamala. Therefore, the Office of Judges concluded that the

range of motion found by Drs. Walker and Kominsky was temporary rather than permanent. It found it significant that Dr. Kominksy's evaluation was performed twenty-nine days before Dr. Mukkamala's.

The Board of Review reversed the Office of Judges' Order on January 8, 2018, and granted Mr. Sparks a 14% permanent partial disability award. It found that three of the four evaluators of record found range of motion impairment as well as nerve damage. The Board of Review therefore concluded that Mr. Sparks sustained a severe injury with permanent range of motion restrictions and nerve damage. Dr. Kominsky's report was determined to be relevant, credible, material, and reliable as he correctly used the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and had objective, specific findings. His assessment of 14% impairment was therefore determined to be reliable and Mr. Sparks was granted a 14% permanent partial disability award.

After review, we agree with the reasoning and conclusions of the Board of Review. It cannot be said that the Board of Review's decision is in clear violation of any constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. The Board of Review's decision is supported by the evidentiary record and should therefore be affirmed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker